**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**EARLENE WASHINGTON**                                                                        **PLANTIFF**

**v.**                                                                       **CAUSE NO.:** 21-564

**OFFICE DEPOT, INC. d/b/a**
**OFFICE DEPOT BUSINESS SOLUTIONS, LLC;**
**OFFICEMAX, INC. d/b/a OFFICEMAX NORTH AMERICA, INC.**
**JOHN DOE ENTITIES 1-5;**
**and JOHN DOES PERSONS 1-5**                                             **DEFENDANTS**

<u>COMPLAINT</u>

(Jury Trial Demanded)

COMES NOW the Plaintiff, Earlene Washington (hereinafter "Plaintiff"), and files this Complaint against Defendant, Office Depot, Inc. d/b/a Office Depot Business Solutions, LLC (hereinafter referred to as "Office Depot"), OfficeMax, Inc. d/b/a OfficeMax North America, Inc., John Doe Entities 1-5, and John Doe Persons 1-5, and in support thereof submits the following:

### I. Parties

1. Plaintiff, Earlene Washington, is an adult resident citizen of Hinds County, residing at 6009 Woodlea Road, Jackson, Mississippi 39206.

2. Defendant, Office Depot is a registered corporation in the State of Mississippi with a principal address of 6600 North Military Trail, Boca Raton, Florida 33496. Office Depot may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, OfficeMax is a registered corporation in the State of Mississippi with a principal address of 6600 North Military Trail, Boca Raton, Florida 33496. OfficeMax may be

EXHIBIT "A"

served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. John Doe Entities 1-5 are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

5. John Doe Persons 1-5 are any unknown persons who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

## II. Jurisdiction and Venue

6. Jurisdiction is proper in the Circuit Court of Hinds County, Mississippi.

7. Venue is properly laid in this Court in that the tortious acts and breaches of the Defendants were committed in whole, or in part, in Hinds County, Mississippi.

## III. Basic Facts Giving Rise to Claim for Relief

8. On or about October 1, 2018, and at all times hereinafter mentioned, Plaintiff, Earlene Washington, was walking in Office Depot, 4950 I-55 N, Jackson, MS 39211 when her foot caught a broken shelf, causing her to fall. Plaintiff tried to catch herself but landed on the ground. The Defendant failed to maintain a safe product on its premises resulting in serious bodily injury and pain to Plaintiff's arm. In addition to pain and suffering, these injuries caused Claimant to incur medical and medical related expenses.

9. The Defendant has a non-delegable duty to provide a safe environment for all persons entering thereon. Additionally, the Defendant has a duty to inspect and maintain its premises and product in a safe condition.

EXHIBIT "A"

10. The Defendant owed the Plaintiff and others the duty of ordinary and reasonable care to cause its premises to be reasonably safe for its patrons, or to warn of dangers known and that in the exercise of reasonable care, the said danger would have been known. The Defendant breached all of these duties. The harm and resulting injuries suffered by the Plaintiff, as set forth hereinafter, were foreseeable and were proximately caused by the negligence and/or grossly negligent acts, errors, omissions, and breaches of Office Depot, as described above.

### IV. Negligence of the Defendant

11. The Defendant herein owed the Plaintiff and others the ordinary and reasonable duties including, but not limited to, the following:

(a) Use reasonable and ordinary care to keep and maintain its premises in a reasonably safe condition;

(b) To keep its premises free from defects and hazardous conditions that could reasonably and foreseeable cause harm and injury:

(c) To take reasonable and necessary steps to warn of the existence of dangerous and hazardous conditions on its premises;

(d) To take reasonably necessary steps to correct, eliminate, and prevent dangerous and hazardous conditions existing on its premises; and

(e) To use and exercise reasonable care to protect those on the premises and to correct and remedy discoverable conditions constituting hazards and danger on its premises.

12. The Defendant herein were negligent and/or grossly negligent at the time and place aforesaid. Such negligence and/or gross negligence includes, but is not limited to, the following:

(a) By failing to use reasonable care to keep and maintain its premises in a reasonable safe condition;

3

EXHIBIT "A"

(b) By failing to keep its premises free from conditions that could reasonably and foreseeable cause injury to Plaintiff and others;

(c) By failing to warn Plaintiff and others of the existing hazardous and dangerous conditions;

(d) By failing to take reasonably necessary steps to correct, remedy, and prevent a hazardous condition on its premise which Defendant knew existed or should have known existed; and

(e) By failing to exercise reasonable care to protect Plaintiff and to remedy or prevent reasonable discoverable conditions which were hazardous and dangerous to Plaintiff while on said premises.

## V. Damages

13. As a direct and proximate result of the Defendant's negligence, and/or gross negligence, and breach of duties, by and through its servants, agents, and employees, as enumerated herein, Plaintiff was severely injured on the Defendant's premise, causing her to suffer the following personal injuries and damages related thereto:

(a) Hospital bills, doctor bills, prescription drug bills and other medical related expenses which have been incurred and which may continue to be incurred in the future;

(b) Past, present and future physical pain and suffering;

(c) Past, present and future emotional and mental suffering and anguish;

(d) Temporary and permanent physical impairment and disability;

(e) Inconvenience and aggravation resulting in emotional and mental suffering present and future; and

(f) Loss of enjoyment of life.

4

EXHIBIT "A"

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests trial by jury and demands judgment of, against, and from the Defendant herein for actual, compensatory, consequential and incidental damages, plus all expenses and costs, pre-judgment and post-judgment interest as allowed by law, and such other relief as this Court and jury deem just.

**RESPECTFULLY SUBMITTED**, this the 10th day of Sept., 2021.

Earlene Washington, *PLAINTIFF*

By: _____
STEPHANIE H. BAIRD (MSB #103283)
Attorney for Plaintiff

OF COUNSEL:

Schwartz & Associates, P.A.
162 East Amite (39201)
P.O. Box 3949
Jackson, Mississippi 39207-3949
(601) 988-8888 (t)
(601) 353-0217 (f)
sbaird@1call.org

EXHIBIT "A"